Brian E. Klein (# 258486)
bklein@waymakerlaw.com
Jaime W. Marquart (#200344)
jmarquart@waymakerlaw.com
WAYMAKER LLP
777 South Figueroa Street, Suite 2850
Los Angeles, California 90017
Phone: (424) 652-7800
Fax: (424) 652-7850

R. Paul Yetter (pro hac vice)
pyetter@yettercoleman.com
Timothy S. McConn (pro hac vice)
tmcconn@yettercoleman.com
Tracy N. LeRoy (pro hac vice)
tleroy@yettercoleman.com
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
Phone: (713) 632-8000
Fax: (713) 632-8002

Attorneys for Plaintiff Venoco, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENOCO, LLC, a Delaware corporation,<br><br>       Plaintiff,<br><br>       v.<br><br>PLAINS PIPELINE, L.P., a Texas limited partnership; PLAINS ALL AMERICAN PIPELINE, L.P., a Delaware limited partnership; PLAINS GP HOLDINGS, L.P., a Delaware limited partnership; PLAINS AAP, L.P., a Delaware limited partnership; PLAINS ALL AMERICAN GP LLC, a Delaware limited liability company; and PAA GP LLC, a Delaware limited liability company;<br><br>       Defendants. | Case No:  2:16-cv-2988-PSG-JEM<br><br>**REPLY IN SUPPORT OF RULE 60(b) MOTION TO SET ASIDE JUDGMENT AND REOPEN THE CASE**<br><br>Date:       February 8, 2021<br>Time:      1:30 p.m.<br>Location:   Courtroom 6A<br><br>Honorable Philip S. Gutierrez |

# TABLE OF CONTENTS

I. ARGUMENT ................................................................................................. 2

    A.    The California court's holding that the public utility rule does not shield Plains in these exact same factual circumstances is "a clear and authoritative change in the governing law." ........................................ 2

    B.    The change in the governing law effected by *SLC* creates extraordinary circumstances, especially because *SLC* speaks to this very litigation. ................................................................................................. 3

    C.    The nature of the change in the law supports granting relief because the application of the public utility rule to Plains was unsettled before *SLC*. ......................................................................... 5

    D.    Comity concerns also support granting relief. ........................................ 6

    E.    Plains has no reliance interest in finality sufficient to outweigh the factors warranting relief from the judgment. ............................................. 7

II. CONCLUSION ............................................................................................ 9

CERTIFICATE OF SERVICE ........................................................................ 10

# TABLE OF AUTHORITIES

**Federal Cases**                                                                 **Page(s)**

*Agostini v. Felton*,
  521 U.S. 203 (1997)..................................................................3, 4

*Andrade v. City of Phoenix*,
  692 F.2d 557 (9th Cir. 1982) (per curiam) ........................................2

*Carnegie-Mellon Univ. v. Cohill*,
  484 U.S. 343 (1988)....................................................................7

*Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*,
  131 F.3d 625 (7th Cir. 1997) .......................................................4

*Community National Bank v. Fidelity & Deposit Co.*,
  563 F.2d 1319 (9th Cir.1977) ......................................................2

*DeWeerth v. Baldinger*,
  38 F.3d 1266 (2d Cir. 1994) .......................................................4

*Henson v. Fid. Nat'l Fin., Inc.*,
  943 F.3d 434 (9th Cir. 2019) ...............................................*passim*

*In re Watts*,
  298 F.3d 1077 (9th Cir. 2002)...................................................2, 7

*Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Associates, Inc.*,
  194 F.3d 922 (8th Cir. 1999)......................................................4, 5

*Owen ex rel. Owen v. United States*,
  713 F.2d 1461 (9th Cir. 1983) ....................................................2

*Phelps v. Alameida*,
  569 F.3d 1120 (9th Cir. 2009)...................................................3, 7

**State Cases**

*Colich & Sons v. Pacific Bell*,
  198 Cal.App.3d 1225 (1988) .......................................................6

*Lowenschuss v. Southern California Gas Co.*,
  11 Cal.App.4th 496 (1992) .........................................................6

*Niehaus Bros. Co. v. Contra Costa Water Co.,*
    159 Cal. 305 (1911) .................................................................................... 6

*State Lands Comm'n v. Plains Pipeline, L.P.,*
    57 Cal. App. 5th 582 (2020) ................................................................... 1,5

*Town of Ukiah City v. Ukiah Water & Imp. Co.,*
    142 Cal. 173 (1904) .................................................................................... 6

*White v. Southern California Edison,*
    25 Cal.App.4th 442 (1994) ........................................................................ 6

**Rules**

Fed. R. Civ. P. 60(b) ................................................................ 1, 3, 4, 5

Fed. R. Civ. P. 60(b)(6) .................................................................... 5

**Other Authorities**

https://www.supremecourt.gov/orders/courtorders/031920zr_d1o3.pdf ................. 8

REPLY ISO MOTION FOR RELIEF FROM THE JUDGMENT UNDER RULE 60(b)

Venoco, LLC ("Venoco") files this reply in support of its motion to set aside the Judgment and reopen the case under Federal Rule of Civil Procedure 60(b).

California's state judges created a rule shielding utilities providing municipal services from certain liabilities to serve the public policy purpose of keeping essential services like water, electricity, and gas affordable for the general public.  Plains does not provide essential services to the general public; it operates a commercial oil and gas pipeline for profit.  It did so in a manner that caused severe environmental and property damage, subjecting Plains to felony criminal conviction.  *State Lands Comm'n v. Plains Pipeline, L.P.*, 57 Cal. App. 5th 582, 585 (2020) ("*SLC*").  Accordingly, California state judges—the California Court of Appeal—authoritatively held that the judicially created rule does not shield Defendants ("Plains"), holding that "[a]lthough [Plains] is called a public utility, it is a private business, entitled to no more immunity from liability than any ordinary private business." *Id.* at 587.  In holding unequivocally that California law does not exempt Plains from liability for its criminally negligent conduct, the California court has answered the precise question of state law on which this Court's judgment turned.

Plains's response fails to show that a precedential state appellate decision regarding the exact issue, parties, and facts before this federal Court does not constitute "'extraordinary circumstances' justifying the reopening of a final judgment." *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 443-44 (9th Cir. 2019).  Its attempt to do so relies heavily on the fact that *SLC* is an intermediate appellate decision, as to which Plains has filed a petition for review in the California Supreme Court.  But unless and until the California Supreme Court grants review and reverses, *SLC* is the law of California, which federal courts applying California law should follow.

Plains posits that this Court would have to revisit its ruling if the California Supreme Court were to reverse *SLC*.  Aside from the unlikelihood of reversal, given the *SLC* majority's well-grounded analysis of California's public utility rule and the policy behind it, Plains ignores that this Court could reopen the case and stay further

REPLY ISO MOTION FOR RELIEF FROM THE JUDGMENT UNDER RULE 60(b)

proceedings pending disposition of the petition for review.  Alternatively, the Court could take Venoco's motion under submission and postpone ruling on it pending the California Supreme Court's disposition.  In any event, the speculative possibility that the California Supreme Court would absolve Plains of liability for its environmentally reckless, criminally negligent conduct does not justify denying Venoco relief under existing California law.

The Court should grant Venoco's motion immediately and reopen the case or, in the alternative, take the motion under submission pending action by the California Supreme Court on Plains's petition for review.

# I. ARGUMENT

### A. The California court's holding that the public utility rule does not shield Plains in these exact same factual circumstances is "a clear and authoritative change in the governing law."

A federal court in the Ninth Circuit applying California law is "bound to follow" intermediate California appellate decisions "absent convincing evidence that the California Supreme Court would reject" their interpretation of California law.  *In re Watts,* 298 F.3d 1077, 1082 (9th Cir. 2002); *see also, e.g., Owen ex rel. Owen v. United States,* 713 F.2d 1461, 1464-65 (9th Cir. 1983); *Andrade v. City of Phoenix,* 692 F.2d 557, 559 (9th Cir. 1982) (per curiam); *Community National Bank v. Fidelity & Deposit Co.,* 563 F.2d 1319, 1321 n. 1 (9th Cir.1977).

In *In re Watts*, the Ninth Circuit was bound to follow the relevant intermediate decisions although they expressly rejected the Ninth Circuit's own prior interpretation of California law.  298 F.3d at 1081-83.  That was so even though in that case, as in most such cases, the change in state law wrought by the appellate decisions applied only generally to the parties and facts before the federal court.  *See id.*

Here, the precedential state authority applies specifically to Plains and the exact same facts before this Court.  *SLC* is thus "a clear and authoritative change in the

governing law" applied to this very case. *Phelps v. Alameida*, 569 F.3d 1120, 1131 (9th Cir. 2009).

In *Phelps*, "had Phelps' [habeas] petition been considered under the precedents as they existed shortly after his first appeal, there is no question that he would have prevailed." *Id.* Similarly here, had *SLC*'s holding that the public utility rule does not immunize Plains from liability been applied in this case, Venoco would have prevailed on this issue. Given this certainty that Venoco's position prevails under *SLC*, "there can be no doubt" that *SLC* was a clear and authoritative change in the governing law. *Id.*

Further, Plains's dismissive characterization of *SLC* as a "divided" decision is unavailing. A two-to-one precedential decision of a three-judge appellate court is, of course, as binding as had it been a unanimous decision.

**B.** **The change in the governing law effected by *SLC* creates extraordinary circumstances, especially because *SLC* speaks to this very litigation.**

Moreover, *SLC*, as applied to this case, is "more than a 'mere' change in the law," *id.* at 1133, contrary to Plains's assertions. Because *SLC* applies directly to Plains itself on the facts at issue here, it is not simply an "[i]ntervening development[]," *Agostini v. Felton*, 521 U.S. 203, 239 (1997), in the general jurisprudence surrounding issues in this case. Later, generalized developments in the law may only rarely justify reopening stale judgments, *see id.*, but that is not the situation here. *SLC* is a direct, immediate change in the law governing this specific case, rendered in a parallel litigation. *Cf. id.* at 238 (decision regarding Rule 60(b) relief based on intervening change in the law was "intimately tied to the context in which it arose").

Plains's own authorities make the distinction clear. And they also show that even generalized developments in the law governing old judgments can sometimes warrant Rule 60(b) relief. *A fortiori*, a direct change in the law specific to the parties and facts

REPLY ISO MOTION FOR RELIEF FROM THE JUDGMENT UNDER RULE 60(b)

here arising in litigation directly related to this case almost immediately after the Ninth Circuit affirmed the judgment here entitles Venoco to Rule 60(b) relief.

*DeWeerth v. Baldinger*, 38 F.3d 1266 (2d Cir. 1994), for example, in language Plains quotes, was discussing whether "federal judgments *long since closed*" should be revisited "anytime an *unrelated* state case clarifies the applicable rules of law." *Id.* at 1272-73 (emphasis added). *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997), likewise involved an attempt to reopen a federal case based on a generalized "change in state decisional law" arising long after the federal case was closed. *Id.* at 627-28 (Indiana Supreme Court decision in similar but unrelated case issued "one year and a half after" Eight Circuit's decision).

*Agostini* involved an attempt "to vacate a continuing injunction *entered some years ago* in light of" intervening shifts in the Supreme Court's Establishment Clause law, in cases unrelated to that judgment. 521 U.S. at 237-39 (emphasis added). Even so, the Supreme Court held that the change in the law entitled the petitioners to relief under Rule 60(b). *Id.* at 237.

Plains's assertion that "there is nothing extraordinary about two courts interpreting California Supreme Court precedent and reaching different results with similar facts," Dkt. 206 at 20, is inapposite. *SLC* involves not just similar facts but rather the *exact same* facts—and parties—as in this parallel federal case.

Of all the cases Plains cites on this issue, *Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Associates, Inc.*, 194 F.3d 922 (8th Cir. 1999) ("*KPERS*"), comes closest to the situation here. The relevant state court decision involved a party to the federal suit—plaintiff KPERS—and was issued shortly after the conflicting ruling in the federal appeal. *Id.* at 923-24. And *KPERS* supports granting Venoco relief.

In *KPERS*, the Eighth Circuit noted that factors similar to those here "have been considered relevant in other cases." *Id.* at 925-26. But, in that case, KPERS had "filed parallel state court actions which were meant to subvert federal removal jurisdiction," conduct that the district court and Eighth Circuit previously held "to be objectively

1   unreasonable and done in bad faith." *Id.* at 926.  Thus, KPERS was denied Rule 60(b)

2   relief based on "equitable considerations" because it had acted in bad faith, *id.*, not

3   because the change in state law would not otherwise warrant relief.  Unlike in *KPERS*,

4   there has been no inkling, much less a holding, that Venoco ever acted in bad faith.

**C.    The nature of the change in the law supports granting relief because the application of the public utility rule to Plains was unsettled before *SLC*.**

Under *Phelps*, the factor concerning "the nature of the intervening change in the law" favors Rule 60(b)(6) relief when the change settled a legal question that was unsettled at the time of the prior federal court judgment.  *Henson*, 943 F.3d at 446.  That is the situation here.  Prior to *SLC*, it was an open question under California law whether a company like Plains—even assuming it meets the definition of a "public utility"— was exempt from liability for negligently causing an interruption of service.  Only after *SLC* is it now settled that, under California law, "[a]lthough [Plains] is called a public utility, it is a private business, entitled to no more immunity from liability than any ordinary private business."  57 Cal. App. 5th at 587, 272.

Plains's assertion that the application of the public utility rule to Plains on these facts was a settled question ignores that this issue has been hotly litigated in four different courts, with distinguished judges reaching conflicting conclusions after careful analysis.  That is hardly indicative of a settled rule that courts may apply as a matter of black letter law.  Rather, it reflects the reality that no party in these cases was previously able to point to any California decision squarely applying the public utility rule to parties and facts like those here.  Prior to *SLC*, the parties on each side of the issue were required to argue by extrapolation from a handful of California cases involving utilities and liability facts that differed significantly from those in this case.

In more than a century of California appellate case law, no case had ever applied the public utility rule to an oil-and-gas pipeline, or any similar entity.  This is perhaps explained by how rare and inconceivable it would be for a company to operate an oil

- 5 -

pipeline privately in California with a degree of negligence that led to environmental disaster and a felony conviction.

*Town of Ukiah City v. Ukiah Water & Imp. Co.*, 142 Cal. 173 (1904), and *Niehaus Bros. Co. v. Contra Costa Water Co.*, 159 Cal. 305 (1911), the seminal cases on public utility immunity, both involved water companies.

Eight decades later, no California cases had recognized public utility immunity for interruptions of service as extending to any utilities other than water companies. *Lowenschuss v. Southern California Gas Co.*, 11 Cal.App.4th 496 (1992), applied *Niehaus* to recognize immunity for a gas company, not for an interruption of service but rather for failure to shut off the flow of gas in the path of a wildfire. *Id.* at 498-501. Despite the applicability of *Niehaus*, *Lowenschuss* characterized the case before it involving a gas company as a "case of first impression." *Lowenschuss*, 11 Cal.App.4th 498.

In 1988, the California Court of Appeal had held that a telephone utility was *not* immune from liability for interruption of service. *Colich & Sons v. Pacific Bell*, 198 Cal.App.3d 1225, 1239 (1988).

Lastly, in *White v. Southern California Edison*, 25 Cal.App.4th 442 (1994), the Court of Appeal held that an electric company could have immunity under certain circumstances, which were present in that case. *Id.* at 446-51.

In short, prior to *SLC*, California courts had recognized public utility immunity only for water, gas, and electric utilities, and only in certain circumstances. *SLC* settled a previously unsettled question about applying the public utility rule to private pipeline companies (specifically, to Plains) in circumstances exactly the same as those here.

### D.    Comity concerns also support granting relief.

Another important *Phelps* factor supporting relief under Rule 60(b)(6) "considers concerns of comity." *Henson*, 943 F.3d at 453. "[A] federal court's determination of state-law claims" necessarily implicates "the principle of comity to the States."

- 6 -

1   *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349-50 (1988).  That is especially so

2   when, as here, a state appellate court has now weighed in on a previously unsettled issue

3   of state law that is dispositive of the case at issue in the Rule 60(b)(6) motion.  *See In*

4   *re Watts*, 298 F.3d at 1081-83.  In this case, the comity concerns are further heightened

5   by the fact that the party opposing Plains and defending the Court of Appeal's

6   interpretation of California law in *SLC* is itself an agency of the State of California.

7           Plains's only response to these comity concerns is a non-response.  It offers no

8   reason why a federal court should—or even may—ignore the interest of California in

9   having its own courts interpret its own laws.  Plains's assertion that granting relief based

10  on *SLC* would "further undermine California Supreme Court precedent and create"

11  uncertainty in the law, Dkt. 206 at 21-22, is premised entirely on Plains's own

12  interpretation of California Supreme Court precedent, the very interpretation that the

13  California Court of Appeal rejected.  Plains itself—a party to *SLC*—is bound by that

14  appellate decision in California courts, unless and until the California Supreme Court

15  reverses it.

16          In short, comity demands that federal courts heed the view of California law taken

17  by California courts, not the contrary view taken by Plains.

18          And Plains's assertion that "if the California Supreme Court were to review the

19  [*SLC*] decision and reverse the Court of Appeal, this Court would once again be forced

20  to revisit its ruling," *id.* at 22, is easily dealt with.  Reopening this case would not

21  prevent the Court from staying any further decision pending the California Supreme

22  Court's disposition of *SLC*.  Alternatively, in the first instance, the Court could hold its

23  decision on this motion pending that disposition.

24          **E.      Plains has no reliance interest in finality sufficient to outweigh the
                       factors warranting relief from the judgment.**

25

26          Plains also fails to show that it has any "reliance interest in the finality of the

27  case" sufficient to overcome the factors weighing in favor of granting Venoco relief

28  from the judgment.  *Henson*, 943 F.3d at 450; *see also Phelps*, 569 F.3d at 1137.

- 7 -

1  Under the finality factor, "courts should consider whether the final judgment
2  being challenged has caused one or more of the parties to change his legal position in
3  reliance on that judgment such that granting the motion for relief would undo the past,
4  executed effects of the judgment." *Henson*, 943 F.3d at 450 (internal quotation marks
5  omitted).   Examples of that type of reliance interest would include a judgment
6  conveying land to a party who then enters onto the land to install pipes or a federal
7  habeas petitioner receiving a new trial that results in dismissal of the charges and release
8  from custody. *Id.*  This factor does not weigh against granting Rule 60(b)(6) relief when
9  "there is no evidence that" the non-movant "has relied in such a fashion on the finality
10  of the district court's dismissal." *Id.*

11  Here, Plains has not and could not reasonably have relied on the finality of this
12  Court's judgment in the fashion relevant to this factor.   Plains cannot show any
13  cognizable change to its legal position taken in reliance.  The Ninth Circuit's mandate
14  affirming the judgment issued only shortly before the *SLC* decision issued.   And
15  Venoco's deadline to file a petition for certiorari in the Supreme Court just expired on
16  January 15, 2021—after Venoco's Rule 60(b)(6) motion was filed and the same day
17  Plains filed its response.[1]  In other words, the judgment has only just become final and
18  non-appealable.  And Plains, itself a party in *SLC*, of course knew that a decision from
19  the California Court of Appeal was coming that could—as happened—eviscerate the
20  legal basis for the judgment in this case.

21  Plains attempts to put the onus on Venoco to have moved for a stay of the Ninth
22  Circuit appeal pending the outcome of *SLC*.  But Venoco's main arguments on appeal
23  were that the Ninth Circuit should have reversed this Court's dismissal of Venoco's
24  federal claim and remanded to this Court for further proceedings or, in the alternative,

---

[1]  Under the Supreme Court's COVID-19 order extending deadlines, available at
https://www.supremecourt.gov/orders/courtorders/031920zr_d1o3.pdf, Venoco had
150 days from the August 18, 2020 denial of its petition for rehearing to file a
petition for certiorari rather than the usual 90 days.

REPLY ISO MOTION FOR RELIEF FROM THE JUDGMENT UNDER RULE 60(b)

that the Circuit should direct that Venoco's state claims be remanded to state court. Either outcome would have avoided the situation that now exists—either in this Court or a state court, the public utility issue could have been addressed in light of the new change in California law.

In this case, the ink on the Ninth Circuit's ruling was barely dry before California state judges changed California state law, and this Court's judgment did not truly become final and non-appealable until months after that change.  Plains had no reliance interest sufficient to overcome Venoco's interest in obtaining relief from the judgment when "such action is appropriate in the furtherance of justice."  *Henson*, 943 F.3d at 443.

## II.  **CONCLUSION**

For these reasons and those addressed more fully in the memorandum in support of the motion, Venoco respectfully requests that this Court vacate its May 9, 2019 Judgment (Dkt. # 184), vacate the corresponding Orders dismissing Venoco's claims and denying Venoco's motion to alter or amend the judgment (Dkt. ## 181, 199), and grant Venoco such other relief to which it may be entitled.


Dated:  January 25, 2021                    YETTER COLEMAN LLP

                                            By:  /s/ _____
                                            R. Paul Yetter, Esq.  (*pro hac vice*)
                                            Timothy S. McConn, Esq.  (*pro hac vice*)
                                            Tracy N. LeRoy, Esq.  (*pro hac vice*)
                                            April W. Farris, Esq.  (*pro hac vice*)

                                            WAYMAKER LLP
                                            Brian E. Klein (#258486)
                                            Jaime W. Marquart (#200344)

                                            *Attorneys for Plaintiff Venoco, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was filed electronically on January 25, 2021.  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.

/s/ _____

R. Paul Yetter

- 10 -