UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  #204(2/8)

| Case No. | CV 16-2988 PSG (JEMx) | Date | February 2, 2021 |
|---|---|---|---|
| Title | Venoco, LLC v. Plains Pipeline, L.P., et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** The Court DENIES Plaintiff's motion to set aside the judgment and reopen the case

Before the Court is a motion to set aside the judgment and reopen the case filed by Plaintiff Venoco, LLC ("Venoco"). *See generally* Dkt. # 204 ("*Mot.*"). Defendants Plains Pipeline, L.P., Plains All American Pipeline L.P., Plains GP Holdings, L.P., Plains AAP, L.P., Plains All American GP LLC, and PAA GP LLC (collectively, "Plains") oppose the motion, *see generally* Dkt. # 206 ("*Opp.*"), and Venoco replied, *see generally* Dkt. # 208 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court **DENIES** Venoco's motion.

I.  Background

Plains owns Line 901, a Santa Barbara oil pipeline that ruptured in 2015 and deposited more than 140,000 gallons of crude oil onto the California coastline. *See July 11, 2019 Order Denying Plaintiff's Motion to Alter or Amend Judgment*, Dkt. # 199 ("*July 11 Order*"), at 1. Venoco owns an offshore crude oil production platform, "Holly," which relied on Line 901 to transport the crude oil it produced to onshore contractors. *Id.* Because of the spill, Venoco was unable to produce or sell crude oil from its platform. *Id.* Venoco faults Plains for a number of negligent missteps leading to the ruptured pipeline. *Id.*

In April 2016, Venoco brought this suit in Santa Barbara Superior Court against Plains. *See generally* Dkt. # 1-1. Plains removed the case to federal court. *See generally* Dkt. # 1.

After two rounds of motions to dismiss, Plains moved for judgment on the pleadings for each of Venoco's remaining claims—(1) negligence/gross negligence, (2) willful misconduct,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2988 PSG (JEMx) | Date | February 2, 2021 |
|---|---|---|---|
| Title | Venoco, LLC v. Plains Pipeline, L.P., et al. | | |

(3) intentional interference with contractual relations, and (4) intentional interference with prospective economic advantage—on the grounds that Venoco's claims against Plains were barred under the public utility rule. *See generally* Dkt. # 152. After reviewing the moving papers and hearing oral arguments, the Court granted the motion, *see generally April 23, 2019 Order*, Dkt. # 181 ("*Apr. 23 Order*"), and entered judgment against Venoco on May 9, 2019, *see generally* Dkt. # 184. On July 11, 2019, the Court denied Venoco's motion to alter or amend the judgment. *See generally July 11 Order*. Roughly one year later, on July 31, 2020, the Ninth Circuit affirmed this Court's rulings in a memorandum opinion. *See generally Venoco, LLC v. Plains Pipeline, L.P.*, 814 F. App'x 318 (9th Cir. 2020).

On November 20, 2020, a California Court of Appeal rejected this Court's and the Ninth Circuit's interpretation of California law, concluding that the public utility rule does not shield Plains from liability for injuries caused by the Line 901 spill. *See State Lands Comm'n v. Plains Pipeline, L.P.*, 57 Cal. App. 5th 582, 586–88 (2020). As a result, Venoco now moves to set aside the Court's previous orders and judgment and to reopen the case under Federal Rule of Civil Procedure 60(b)(6), arguing that *State Lands* changed the law upon which the Court relied in dismissing this case.

For the reasons provided below, the Court **DENIES** Venoco's motion.

II.     Legal Standard

"Federal Rule of Civil Procedure 60(b)(6) is a grand reservoir of equitable power that allows courts to grant relief from a final judgment for 'any' reason that 'justifies relief.'" *Henson v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 439–40 (9th Cir. 2019). "[A] change in the controlling law can—but does not always—provide a sufficient basis for granting relief under Rule 60(b)(6)." *Id.* at 444. Relief based on a change in the law is most appropriate when the change is "clear and authoritative." *See Riley v. Filson*, 933 F.3d 1068, 1071 (9th Cir. 2019) (quoting *Phelps v. Alameida*, 569 F.3d 1120, 1131 (9th Cir. 2009)).

"To assess a Rule 60(b)(6) motion 'predicated on an intervening change in law,' a district court must 'evaluate the circumstances surrounding the specific motion before the court.'" *Henson*, 943 F.3d at 444 (quoting *Phelps*, 569 F.3d at 1133). "This 'case-by-case inquiry . . . requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts.'" *Id.* (quoting *Phelps*, 569 F.3d at 1133).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2988 PSG (JEMx) | Date | February 2, 2021 |
|---|---|---|---|
| Title | Venoco, LLC v. Plains Pipeline, L.P., et al. | | |

III.     Discussion

The threshold issue to be determined is whether *State Lands* qualifies as a change in the law that is binding on this Court. *See Riley*, 933 F.3d at 1071.

Plains argues that the divided *State Lands* decision did not clearly and authoritatively change the governing law related to the parties' dispute. *See Opp.* 13:18–18:5. The Court agrees.

Admittedly, a federal court exercising diversity jurisdiction in California ordinarily must follow decisions by the California Courts of Appeal unless "convinced" that the California Supreme Court would decide the issue differently. *See Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 219 (9th Cir. 2013). However, the Court does not believe that the *Muniz* rule applies with equal force in the context of this Rule 60(b)(6) motion.

When a California Court of Appeal has interpreted California law on an issue before a district court considers and rules on it, there are good reasons for the district court to defer to the Court of Appeal's interpretation, such as the Court of Appeal's expertise regarding California law and comity. But these reasons do not justify requiring a district court to abandon its own interpretation of California law that (1) the district court reached *before* the Court of Appeal published its interpretation and (2) is equally or more persuasive than the Court of Appeal's interpretation. Yet, if *Muniz* is applied rigidly in the context of this Rule 60(b)(6) motion, it would require just that. It would require this Court to treat the divided *State Lands* decision as a change in the governing law—even though the Court believes its own interpretation is more persuasive—merely because the Court cannot quite say that it is *convinced* that the California Supreme Court would reject *State Lands*.

The Court declines to read *Muniz* as requiring such an outcome. *See DeWeerth v. Baldinger*, 38 F.3d 1266, 1274 (2d Cir. 1994) (noting that the federal court "conscientiously satisfied its duty to predict how [state] courts would decide the [legal issue], and that *Erie* and its progeny require no[thing] more"). While the *Muniz* rule appropriately requires a district court to defer to the California Courts of Appeal on issues that such courts have *already* addressed before the district court considers the issues, the rule does not require the district court to abandon its own interpretation of California law and accept as binding an interpretation reached by a divided California Court of Appeal (1) that the district court considers less persuasive and (2) that occurs *after* final judgment—i.e., in the context of a Rule 60(b)(6) motion. A contrary reading of *Muniz* would contradict the equitable and discretionary nature of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2988 PSG (JEMx) | Date | February 2, 2021 |
|---|---|---|---|
| Title | Venoco, LLC v. Plains Pipeline, L.P., et al. | | |

Rule 60(b)(6) relief. *See Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009) ("'Rule 60(b)(6) is a grand reservoir of equitable power' . . . ." (quoting *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1458 (5th Cir. 1992))); *Henson v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 447 ("[G]ranting relief from judgment under Rule 60(b)(6) is largely an equitable decision . . . .").

The Court also rejects Venoco's argument that *In re Watts*, 298 F.3d 1077 (9th Cir. 2002), demonstrates that the change in law here was clear and authoritative for the purposes of this Rule 60(b)(6) motion. In *In re Watts*, the dispute related to whether the bankruptcy court properly chose to follow the Ninth Circuit's interpretation of a California statute instead of two California Court of Appeals decisions that had rejected the Ninth Circuit's interpretation. *See id.* at 1079. Because the California Court of Appeals decisions predated the bankruptcy court's decision in *In re Watts*, and therefore the case did not involve a Rule 60(b)(6) motion, *In re Watts* does not alter this Court's conclusion.

Accordingly, here, the Court **DENIES** Venoco's motion because *State Lands* does not qualify as a clear and authoritative change in the governing law for the purposes of this Rule 60(b)(6) motion.

However, even if *State Lands* qualified as a change in the governing law, Venoco's motion lacks merit.

First, concerns regarding the finality of the judgment weigh heavily against Venoco. Here, not even all of the justices who decided *State Lands* agreed with its outcome. Indeed, the dissent believed that the majority's conclusion was "inconsistent with both statutory and case authorities in existence for more than a century." *State Lands*, 57 Cal. App. 5th at 18 (Tangeman, J., dissenting). Accordingly, there is a considerable possibility that the California Supreme Court, or other California Courts of Appeal—which are not bound by each other's opinions, *see Muniz*, 738 F.3d at 219—will disagree with the *State Lands* decision. As such, the Court is concerned that, if it grants Venoco's motion, the Court will have to continue revisiting the issue if and when a different California court declines to follow *State Lands*. *See also In re Watts*, 298 F.3d at 1085 (O'Scannlain, J., concurring in judgment) ("One never knows, after all, when the other shoe will drop and another state court will take the opposite position. California maintains a dispersed intermediate appellate court, with six independent districts. Are we to revisit our rulings each time the weight of authority shifts?"). The risk of continuous attacks on this Court's rulings weighs heavily against granting Venoco's motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2988 PSG (JEMx) | Date | February 2, 2021 |
|---|---|---|---|
| Title | Venoco, LLC v. Plains Pipeline, L.P., et al. | | |

    Second, Venoco is partially responsible for the necessity of its motion.  When Venoco's appeal was pending in the Ninth Circuit, the *State Lands* case was also pending in the California Court of Appeal.  However, Venoco did not ask for a stay in the Ninth Circuit to allow the California Court of Appeal to rule on the issue because Venoco was "reasonably relying on the possibility that the [*State Lands*] court would issue its ruling prior to the Ninth Circuit issuing its ruling."  *Mot.* 12:15–17.  Therefore, it was not until after the Ninth Circuit ruled against Venoco that Venoco "urged the Ninth Circuit to withdraw that opinion" to avoid a potential conflict with *State Lands*.  *Id.* 12:17–20.  Because Venoco could have sought a stay in the Ninth Circuit that potentially would have obviated the need for its motion, but chose not to do so, equity does not weigh strongly in Venoco's favor.

    Accordingly, the Court finds that the interest in the finality of its judgment outweighs Venoco's interest in relitigating its claims.

    Undoubtedly, this results in the unfortunate outcome of inconsistent rulings between the California Court of Appeal and this Court on this issue.  But "[t]he very nature of diversity jurisdiction leaves open the possibility that a state court will subsequently disagree with a federal court's interpretation of state law."  *See DeWeerth v. Baldinger*, 38 F.3d 1266, 1273–74 (2d Cir. 1994).  "[T]his aspect of our dual justice system does not mean that all diversity judgments are subject to revision once a state court later addresses the litigated issues.  Such a rule would be tantamount to holding that the doctrine of finality does not apply to diversity judgments, a theory that has no basis in *Erie* or its progeny."  *See id.*  As such, the Court **DENIES** Venoco's motion on this alternative ground.

IV.    <u>Conclusion</u>

    The Court **DENIES** Venoco's motion because *State Lands* does not qualify as a clear and authoritative change in the governing law for the purpose of Rule 60(b)(6) relief.  However, even if *State Lands* qualifies as such, the Court **DENIES** Venoco's motion because (1) the judgment would be subject to potentially continuous attacks and (2) Venoco is partially responsible for the necessity of Rule 60(b)(6) relief.  Accordingly, the interest in the finality of the judgment outweighs Venoco's interest in relitigating its claims.

    **IT IS SO ORDERED.**