UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS-6

| Case No. | CV 16-2988 PSG (JEMx) | Date | July 26, 2022 |
|---|---|---|---|
| Title | Venoco LLC v. Plains Pipeline LP | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** The Court GRANTS Venoco's motion to remand.

Before the Court is a motion to remand filed by Plaintiff Venoco, LLC ("Venoco"). *See generally* Dkt. # 216 ("*Mot.*"). Defendants Plains Pipeline, L.P.; Plains All American Pipeline, L.P.; Plains GP Holdings, L.P.; Plains AAP, L.P.; Plains All American GP LLC; and PAA GP LLC (collectively, "Plains") opposed. *See generally* Dkt. # 220 ("*Opp.*"). Venoco replied. *See generally* Dkt. # 222 ("*Reply*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving, opposing, and reply papers, the Court **GRANTS** the motion and **REMANDS** this case to Santa Barbara County Superior Court.

I.   Background

This case arises out of the May 2015 rupture of Line 901, Plains' oil pipeline located off the coast of Santa Barbara County, California. *Second Amended Complaint*, Dkt. # 78 ("*SAC*"), ¶¶ 1, 18. The rupture resulted in the deposit of more than 140,000 gallons of crude oil onto the California coastline. *Id.* ¶¶ 18, 20. Line 901 was shut down and has not since resumed operations. *Id.* ¶ 21; *see also Mot.* 1:9. Prior to the oil spill, Venoco relied on Line 901 to transport crude oil produced at its offshore "Holly" platform to onshore contactors. *SAC* ¶¶ 10–11. The spill left Venoco unable to produce or sell crude oil from the Holly platform. *Id.* ¶ 14.

In 2016, Venoco sued Plains in Santa Barbara County Superior Court, and Plains removed the case to this Court, invoking the Court's federal question and supplemental jurisdiction. *See generally* Dkts. # 1, 1-1. The Court granted in part and denied in part Plains' first motion to dismiss, allowing Venoco's negligence, willful misconduct, and negligent interference with prospective economic advantage claims to proceed. *See generally* Dkt. # 71 ("*MTD I Order*"). The Court dismissed with leave to amend Venoco's claims under the federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2988 PSG (JEMx) | Date | July 26, 2022 |
|---|---|---|---|
| Title | Venoco LLC v. Plains Pipeline LP | | |

Oil Pollution Act of 1990 ("OPA") and California Lempert-Keene-Seastrand Oil Spill Prevention and Response Act ("OSPRA") as well as Venoco's claims for intentional interference with contractual and prospective economic advantage. *See generally id.*

In early 2017, the Court granted in part and denied in part Plains' second motion to dismiss, dismissing Plaintiff's OPA and OSPRA claims without leave to amend and otherwise denying the motion (the "2017 Order"). *See generally* Dkt. # 100 ("*MTD II Order*"). After dismissing the sole federal claim that provided the basis for federal question jurisdiction, the Court exercised its discretion to retain supplemental jurisdiction over the remaining state law claims. *See id.* at 7–9.

In 2019, Plains moved for judgment on the pleadings as to each of Venoco's remaining claims on the grounds that Plains, as a public utility, did not owe Venoco a duty of care to prevent harm from the discontinuation of Line 901. *See generally* Dkt. # 152. The Court granted the motion, finding that California's public utility rule barred Venoco's claims, and entered judgment in Plains' favor. *See generally* Dkts. # 181, 184.[1] The Ninth Circuit affirmed the dismissal of Venoco's OPA and OSPRA claims, found that the Court did not abuse its discretion by retaining supplemental jurisdiction over the remaining state law claims,[2] and affirmed the dismissal of Venoco's state law claims based on California's public utility rule. *Venoco, LLC v. Plains Pipeline, L.P.* (*Venoco I*), 814 F. App'x 318, 319–21 (9th Cir. 2020).

In November 2020, a California Court of Appeal rejected this Court's and the Ninth Circuit's interpretation of California law, concluding that the public utility rule does not shield Plains from liability for injuries caused by the Line 901 oil spill. *See State Lands Comm'n v. Plains Pipeline, L.P.* (*State Lands*), 57 Cal. App. 5th 582, 586–88 (2020). In that case, the California State Lands Commission (the "Commission") claimed that Plains' negligent maintenance of Line 901 and the disruption of the flow of oil following the 2015 spill (1) deprived the State of royalty income from leasing offshore lands to Venoco to operate the Holly platform and (2) damaged the Commission's property. *Id.* at 584–85. The Commission brought

---

[1] The Court entered judgment on May 9, 2019. *See generally* Dkt. # 184. At the time, nearly two months of fact discovery and five months of expert discovery remained. *See generally* Dkt. # 163.

[2] The Ninth Circuit did not address the factors of judicial economy, convenience, fairness, or comity but found that this Court "was 'in the best position to judge the extent of resources invested'" and properly exercised its discretion in doing so. 814 F. App'x at 320 (quoting *Schneider v. TRW, Inc.*, 938 F.2d 986, 993–94 (9th Cir. 1991)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2988 PSG (JEMx) | Date | July 26, 2022 |
|---|---|---|---|
| Title | Venoco LLC v. Plains Pipeline LP | | |

many of the same claims against Plains as did Venoco, including claims for negligence, willful misconduct, and negligent interference with prospective economic advantage. *See id.* at 585. The Court of Appeal reversed the trial court's dismissal of the Commission's claims, finding that Plains was not exempt from liability under the public utility rule because it does not provide an essential service to the general public. *Id.* at 586–88.

The following month, Venoco moved to set aside the judgment in this case and to reopen the case pursuant to Federal Rule of Civil Procedure 60(b)(6), arguing that *State Lands* constituted an intervening change in controlling law. *See generally* Dkt. # 204. The Court denied the motion, finding that the divided *State Lands* decision did not clearly and authoritatively change the governing law and that the interest in finality outweighed Venoco's interest in relitigating its claims. *See generally* Dkt. # 209.

The Ninth Circuit disagreed. In April 2022, it reversed this Court's denial of Venoco's motion to set aside the judgment and remanded with directions to reopen the case. *Venoco, LLC v. Plains Pipeline, L.P.* (*Venoco II*), No. 21-55193, 2022 WL 1090947, at *1–3 (9th Cir. Apr. 12, 2022). The Ninth Circuit held that *State Lands* constituted an intervening change of law for purposes of Rule 60(b)(6) and found that, considering the relevant factors, "Venoco demonstrated extraordinary circumstances warranting Rule 60(b)(6) relief." *Id.* The Ninth Circuit particularly highlighted the "close connection" between the two cases, noting that "*State Lands* involved the same oil spill, the same legal doctrine, [] the same defendant," and "virtually identical facts" as this case. *See id.* at *2–3 (citation omitted). The court also reasoned that this case raises important issues of comity because it "hinges on the application of a California common law doctrine." *Id.* at *3. The mandate issued on May 4, 2022. *See generally* Dkt. # 214.

Venoco now asks the Court to exercise its discretion to decline to exercise supplemental jurisdiction over Venoco's revived state law claims. *See generally Mot*.

II.     Legal Standard

If a district court possesses original jurisdiction over one or more claims in an action, it also has supplemental jurisdiction over all other claims that "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a district court has discretion to decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3). Before doing so, a district court must additionally consider the *Gibbs* "animating values" of supplemental jurisdiction—comity, fairness, convenience, and judicial economy. *See Acri v. Varian Assocs.,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2988 PSG (JEMx) | Date | July 26, 2022 |
|---|---|---|---|
| Title | Venoco LLC v. Plains Pipeline LP | | |

*Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)).

    III.    Discussion

The Court begins by addressing (A) Plains' argument that Venoco's motion is an untimely motion for reconsideration and then considers (B) whether the *Gibbs* factors now counsel in favor of declining to exercise supplemental jurisdiction.

    A.    Motion for Reconsideration

Plains first argues that Venoco's motion is actually one for reconsideration of the Court's 2017 Order and should be denied. *Opp.* 3:17–5:28. The Court disagrees.

To be sure, the Court previously decided to exercise supplemental jurisdiction over Venoco's remaining state law claims after dismissing the sole federal claim and considering the parties' supplemental briefing on the issue. *MTD II Order* at 7–9. The Court's decision was based in part on the fact that it was already presiding over four other cases related to the 2015 Santa Barbara oil spill and that splintering the cases between federal and state court would risk inconsistent and unfair results. *Id.* at 8.

Five years later, Venoco asks the Court to, in its discretion, decline to exercise supplemental jurisdiction over the recently revived state law claims in light of the present circumstances. *See generally Mot.* As Venoco argues, it is not asking for reconsideration of the 2017 decision to exercise supplemental jurisdiction based on the circumstances at that time. *See Reply* 2:15–17. Instead, Venoco asks the Court to consider whether, at this stage of the litigation and considering the circumstances regarding the now-pending federal and state cases involving the 2015 oil spill, the *Gibbs* factors counsel in favor of exercising supplemental jurisdiction. *See id.* 2:17–7:19; *see also Mot.* 5:25–8:18.

The Supreme Court has made clear that the doctrine of supplemental jurisdiction is one of discretion and flexibility. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350–51 (1988); *Gibbs*, 383 U.S. at 726. "Under *Gibbs*, a federal court should consider and weigh in each case, and *at every stage of the litigation*, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise" supplemental jurisdiction. *Carnegie-Mellon Univ.*, 484 U.S. at 350 (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2988 PSG (JEMx) | Date | July 26, 2022 |
|---|---|---|---|
| Title | Venoco LLC v. Plains Pipeline LP | | |

Thus, the Court has discretion—if not an imperative—to consider whether the *Gibbs* factors counsel in favor of the continued exercise of supplemental jurisdiction over Venoco's state law claims at this stage. As discussed further below, the relevant circumstances have evolved since the Court last considered the question more than five years ago. As a result, the Court declines to treat Venoco's motion as one for reconsideration of the 2017 Order and instead proceeds to determine whether to continue to exercise supplemental jurisdiction in light of the present circumstances.

      B.    *Gibbs* Factors

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction when the claims conferring original jurisdiction have been dismissed. But before declining to exercise supplemental jurisdiction, district courts must consider the *Gibbs* factors of (i) comity, (ii) fairness, (iii) convenience, and (iv) judicial economy. *See Acri*, 114 F.3d at 1001. The Supreme Court and Ninth Circuit have counseled "that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7; *see also Acri*, 114 F.3d at 1000 ("[S]tate law claims *should* be dismissed if federal claims are dismissed before trial." (internal quotations and citations omitted)). The Court addresses each factor in turn.

          i.    *Comity*

Venoco argues that remand would further the interests of comity and avoid the risk of inconsistent rulings between this case and those currently pending in state court. *Mot.* 7:20–8:18; *Reply* 4:14–5:1, 5:26–6:9.[3] The Court agrees.

In the 2017 Order, the Court noted that it was already presiding over four other cases involving the 2015 Santa Barbara oil spill and that, therefore, remanding Venoco's claims would risk inconsistent results. *MTD II Order* at 8. That calculus has since changed. Two of the aforementioned cases have been dismissed, and the Court has preliminary approved a settlement in a third case. *See* CV 16-3283 PSG (JEMx), Dkt. # 90 (dismissing case); SACV 16-1521 PSG (JEMx), Dkt. # 48 (same); CV 15-4113 PSG (JEMx), Dkt. # 949 (preliminarily approving

---

[3]Although Plains generally contends that all four *Gibbs* factors weigh in favor of continuing to exercise supplemental jurisdiction, Plains does not raise any particular arguments as to how doing so would further the interests of comity. *See generally Opp.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2988 PSG (JEMx) | Date | July 26, 2022 |
|---|---|---|---|
| Title | Venoco LLC v. Plains Pipeline LP | | |

settlement). The only other remaining oil spill case pending before this Court involves differently situated plaintiffs—owners of real property subject to easements for Line 901—asserting mostly distinct claims, with only a negligence claim in common with Venoco. *See generally Grey Fox, LLC et al. v. Plains All American Pipeline, L.P. et al.*, CV 16-3157 PSG (JEMx), Dkt. # 107.

Meanwhile, three cases against Plains involving the 2015 oil spill remain pending in Santa Barbara County Superior Court. *See Mot.* 7:22–26. At least one of these cases overlaps far more significantly with this action than does *Grey Fox*. Three of Venoco's remaining state law claims in this action—for negligence, willful misconduct, and negligent interference with prospective economic advantage—overlap with those asserted by the Commission in *State Lands*, arising out of Plains' interruption of Venoco's use of Line 901. *See* 57 Cal. App. 5th at 584–85. As the Ninth Circuit recently explained, "*State Lands* involve[s] the same oil spill, the same legal doctrine, [] the same defendant," and "virtually identical facts" as this case. *Venoco II*, 2022 WL 1090947, at *2–3. Continuing to exercise supplemental jurisdiction over Venoco's claims in federal court, while nearly identical claims proceed against Plains in state court, would unnecessarily risk inconsistent rulings. *See Gibbs*, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

The Ninth Circuit also noted that this case raises important issues of comity because it "hinges on the application of a California common law doctrine." *Venoco II*, 2022 WL 1090947, at *3 ("Rejecting the California Court of Appeal's interpretation of its own state law doctrine would only injure comity interests, especially because it applied this doctrine to the same defendant on the basis of virtually identical facts."). Although the Ninth Circuit considered comity in the context of whether to follow the California Court of Appeal's determination that the public utility rule does not bar the claims against Plains, comity similarly counsels in favor of remand here. This Court would otherwise proceed to apply many of the same California common law doctrines in resolving Venoco's remaining claims against Plains as those applicable to the Commission's claims proceeding in state court. And "state claims are not required to be complicated or novel to raise comity concerns." *See U.S. Colo, LLC v. Coresite One Wilshire*, No. CV 14–4044 PSG (PLAx), 2014 WL 6682637, at *2 (C.D. Cal. Nov. 21, 2014); *Danner v. Himmelfarb*, 858 F.2d 515, 524 (9th Cir. 1988) ("[P]rinciples of comity will be well-served by allowing the state courts to resolve claims solely of state law.").

In sum, the Court finds that considerations of comity weigh in favor of declining to exercise supplemental jurisdiction over Venoco's remaining state law claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2988 PSG (JEMx) | Date | July 26, 2022 |
|---|---|---|---|
| Title | Venoco LLC v. Plains Pipeline LP | | |

        *ii.    Fairness*

      Plains argues that it would be unfair to remand this action given the length of time that has passed and accuses Venoco of forum shopping for not seeking reconsideration after the 2017 Order. *Opp.* 8:21–9:3. The Court disagrees.

      First, Plains' accusations of forum shopping do not hold water. Venoco brought this action—asserting mostly state law claims—in state court, and Plains removed the case to this Court. *See U.S. Colo, LLC*, 2014 WL 6682637, at *3 (rejecting forum shopping argument where "Plaintiff did not – with improper motive" file its claim in federal court and then "voluntarily dismiss its own claim so that it could change forums"). As described above, the circumstances have changed since the Court issued its 2017 Order. The Court is unconvinced that Venoco's decision to seek remand now that the Ninth Circuit has revived its state law claims—rather than immediately after the 2017 Order—constitutes forum shopping.

      While this case has been pending in federal court for more than six years, much of that time was spent on appeal to the Ninth Circuit, and the case has not progressed on the merits in more than three years. The case is beyond its initial stages, but discovery is ongoing, and no trial date has been set. *See generally* Dkt. # 163 (listing the close of fact discovery more than seven weeks, and the close of expert discovery more than five months, after the date on which the Court entered judgment in May 2019); *see also Mot.* 2:15 (stating that "discovery has not progressed beyond document production"). Given the relatively early stage of the proceedings and the fact that trial preparations are far from complete, the Court does not find that declining to exercise supplemental jurisdiction would be unfair to the parties. *See Alvarez v. City of Oxnard*, CV 19-8044 PSG (JCx), Dkt. # 80 (slip op.), at *6–7 (C.D. Cal. Dec. 1, 2021) (declining to exercise supplemental jurisdiction approximately three months before trial would not be so unfair to the litigants as to override comity concerns); *cf. Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint.*, 333 F.3d 923, 926 (9th Cir. 2003) (finding abuse of discretion where district court declined supplemental jurisdiction seven days before trial after the parties were "essentially done with trial preparation").[4]

---

[4] Further, "there is no basis for assuming that a state forum will not provide 'as fair a proceeding as a federal one.'" *Medina v. S. Cal. Permanente Med. Grp.*, No. CV16–3109 PSG JCx, 2017 WL 3575278, at *6–7 (C.D. Cal. July 17, 2017) (quoting *Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1120 (N.D. Cal. 2002)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2988 PSG (JEMx) | Date | July 26, 2022 |
|---|---|---|---|
| Title | Venoco LLC v. Plains Pipeline LP | | |

### iii. *Convenience*

Venoco argues that convenience weighs in favor of remand because the state court is already adjudicating several other cases against Plains involving the 2015 oil spill, including *State Lands*, which "will likely involve depositions of former Venoco employees" and other witnesses likely to be deposed in this action. *Mot.* 2:17–3:3; *id.* 7:20–8:18. Plains does not raise any particular arguments as to convenience aside from suggesting that "counsel can efficiently coordinate discovery between and among state and federal cases." *See Opp.* 9:20–21. While that may be true, the Court agrees with Venoco that the potential overlap in discovery between this action and *State Lands* counsels in favor of both actions proceeding before the same court. In contrast, there is little—if any—convenience to be gained by coordinating this action with *Grey Fox*. Not only does *Grey Fox* involve differently situated plaintiffs and largely distinct claims, but fact discovery in that case is already complete, and less than two months of expert discovery remain. *See generally* CV 16-3157 PSG (JEMx), Dkt. # 194. On balance, the Court finds that convenience considerations weigh in favor of declining to exercise supplemental jurisdiction over Venoco's state law claims.

### iv. *Judicial Economy*

Plains argues that judicial economy counsels in favor of the continued exercise of supplemental jurisdiction given the work that the Court has already put into this case and the other 2015 oil spill cases. *Opp.* 7:14–8:18. The Court disagrees.

The parties and the Court have no doubt expended some effort litigating Venoco's claims in this action. The Court has performed two rounds of substantive analysis of the merits of Venoco's state law claims, in addition to granting Plains' motion for judgment on the pleadings based on the public utility rule and addressing Venoco's motions to alter and set aside the judgment. *See generally MTD I Order*; *MTD II Order*; Dkts. # 181, 199, 209. Although some of these efforts may be duplicated by the state court on remand,[5] the extent of this potential duplication does not tilt the scales of judicial economy heavily enough to counsel against

---

[5] In *State Lands*, the California Court of Appeal determined that Plains "is not exempt from liability for the interruption in service" to Venoco under the public utility rule. 57 Cal. App. 5th at 584, 586–88. As such, the Court's application of the public utility rule in this case will not need to be duplicated by the state court on remand. And the Ninth Circuit has already reversed this Court's denial of Venoco's motion for reconsideration in light of *State Lands* and revived Venoco's pertinent state law claims, *Venoco II*, 2022 WL 1090947, at *3, so the state court will not need to duplicate this effort either.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2988 PSG (JEMx) | Date | July 26, 2022 |
|---|---|---|---|
| Title | Venoco LLC v. Plains Pipeline LP | | |

remand. *See Hodgon v. Roper*, No. 2:20-cv-00650, 2022 WL 297089, at *8 (E.D. Cal. Feb. 21, 2022) (declining to exercise supplemental jurisdiction over remaining state law claims and finding the case fell within the "usual" scenario counseling in favor of doing so even though the district court had already resolved motions to dismiss (quoting *Carnegie-Mellon Univ.*, 484 U.S. at 364 n.7)); *cf. Miller Aviation v. Milwaukee Cnty. Bd. of Supervisors*, 273 F.3d 722, 732 (7th Cir. 2001) (reversing remand of state law claims on judicial efficiency grounds because the district court had expended "considerable" resources on the case by resolving 22 motions, issuing 19 detailed orders, and holding nine hearings). Further, as Venoco points out, the Santa Barbara County Superior Court is already familiar with the pertinent factual and legal context, having already resolved motions to dismiss the Commission's largely overlapping claims against Plains involving the same oil spill. *See Reply* 4:1–13.

Plains correctly notes that this Court has gained extensive knowledge of the issues surrounding the 2015 oil spill over the past several years. *Opp.* 7:14–8:2. However, Venoco's claims are far more similarly situated to the claims in *State Lands* than those at issue in *Grey Fox* or the other 2015 oil spill cases over which this Court has presided. And the state courts have no doubt also developed substantial expertise in the factual and legal issues surrounding the 2015 oil spill over the past several years. As Venoco notes, the Santa Barbara County Superior Court has presided over a total of 11 cases arising out of the 2015 oil spill, eight of which are now dismissed. *See Mot.* 7 n.5; *Reply* 5:24–26.

Finally, Plains argues that remand "would require a state court to learn a complex document discovery issue that Judge McDermott already has experience adjudicating," pointing to Judge McDermott's order setting a deadline for Venoco to produce documents related to Plains' motion to compel. *Opp.* 8:6–20 (citing Dkt. # 177). But the state court is eminently capable of continuing to oversee the parties' discovery dispute, and the Court is unconvinced that "[s]ignificant judicial efficiencies will be lost if . . . the parties must educate a new state court judge on these issues." *See id.* 8:19–20. Nor is there any reason to think that the parties' discovery efforts thus far in federal court will not serve them equally in state court.

In sum, although judicial economy counseled in favor of exercising supplemental jurisdiction at the time of the 2017 Order, the circumstances have changed such that this factor now weighs slightly against continuing to exercise supplemental jurisdiction, despite the potential for some duplication of effort.

    *v.*    *Conclusion*

On balance, the Court finds that the *Gibbs* factors now weigh in favor of declining to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2988 PSG (JEMx) | Date | July 26, 2022 |
|---|---|---|---|
| Title | Venoco LLC v. Plains Pipeline LP | | |

exercise supplemental jurisdiction over Venoco's state law claims. *See Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Gibbs*, 383 U.S. at 726–27 ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."). Accordingly, the Court **GRANTS** Venoco's motion to remand.

IV.    Conclusion

For the foregoing reasons, the Court **DECLINES** to exercise supplemental jurisdiction over Venoco's remaining state law claims and **GRANTS** Venoco's motion to remand. The Court accordingly **REMANDS** this action to Santa Barbara County Superior Court. This order closes the case.

**IT IS SO ORDERED.**


cc: Court of Appeals